IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

JOEL VEGA-ORTIZ, ET AL.,

Plaintiffs,

v.

COOPERATIVA DE SEGUROS MÚLTIPLES
DE PUERTO RICO, ET AL.,

Defendants.

CIV. NO.: 19-2056 (SCC)

## OPINION AND ORDER

Pending before the Court is Plaintiffs Joel Vega Ortiz, Gretchen Montalvo Espinosa, Jamilh M. Elias and Maribella Ramos Prieta's ("Plaintiffs") Motion to Certify Class and to Appoint Class Counsel ("Motion to Certify"). Docket No. 221.[1] For the reasons set forth below, the motion is **GRANTED IN PART**.

---

[1] The parties did not request oral argument.

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 2

## I. BACKGROUND

The Court assumes the parties' familiarity with the procedural and factual background of this case.[2] But for ease of reference, these are the Defendants in this case: (1) Cooperativa de Seguros Múltiples de Puerto Rico ("CSM"); (2) Ruth E. Gómez Arias ("Ms. Gómez Arias"), Luis J. Vilaró Suárez ("Mr. Vilaró Suárez"), Luisana Rincón ("Ms. Rincón") and Aleida Alsina ("Ms. Alsina"), the alleged Plan Administrators; (3) Troncoso Consulting Group, Inc. ("Troncoso") and Willis Towers Watson US, LLC ("Willis"), the alleged actuarial firms for the Plan; (4) Banco Popular de Puerto Rico ("BPPR"), the alleged Plan Trustee; and (4) Santander Securities, LLC ("SSLLC"), the alleged Plan Investment Manager.

---

[2] Should a refresher be required regarding the factual background of this case, the Court directs the parties and its readers to the Omnibus Opinion and Order at Docket No. 158 at pgs. 1-14.

## II. ANALYSIS

Plaintiffs seek to certify the following class:

> All participants or beneficiaries of the Plan who
> suffered a reduction in accrued benefits under the
> Plan at the time the Plan was terminated.
> Excluded from the Class are any high-level
> executives at RLA and/or Cooperativa or any
> employees who had responsibility for or
> involvement in the administration of the Plan or
> who are subsequently determined to be
> fiduciaries of the Plan, including the Individual
> Defendants.

Docket No. 221-1 at pg. 2.

Plaintiffs' Motion to Certify stands unopposed.[3] The

---

[3] The Court acknowledges the fact that Co-defendants BPPR and SSLLC
filed responses pertaining to the Motion to Certify. *See* Docket No. 227
(SSLLC's Response) and Docket No. 228 (BPPR's Response). The other
defendants did not address the Plaintiffs' Motion to Certify. In its
response, SSLLC stated that while it "does not oppose Plaintiffs' request
for certification of a class under Federal Rule of Civil Procedure 23, SSLLC
submits that certification is appropriate only under Rule 23(b)(1) and not
under rule 23(b)(3)." Docket No. 227 at pg. 1. By the same token, in its
response, BPPR stated that it did not oppose Plaintiffs' request for
certification. Docket No. 228 at pg. 2. And just like SSLLC, BPPR also
posits that should the Court grant Plaintiffs' request to certify the class,

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 4

Court, however, will not automatically grant the Motion to Certify merely because Defendants failed to oppose it. To the contrary, to rule on the Motion to Certify, the Court must first embark on a "rigorous analysis" to ensure that all certification requirements are satisfied. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011). And because Plaintiffs are the ones moving for class certification, they bear the initial burden of showing that they have complied with the certification requirements. *In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015).[4]

---

certification would only be appropriate under Rule 23(b)(1), not Rule 23(b)(3). *Id.* Albeit the responses filed by BPPR and SSLLC, and their positions regarding certification under Rule 23(b)(1) vis-à-vis Rule 23(b)(3), the Court maintains that the Motion to Certify remains unopposed since neither BPPR nor SSLLC substantively challenged Plaintiffs' Motion to Certify and both explicitly stated that they did not oppose the same.

[4] It is worth mentioning, that to satisfy the "initial burden," Plaintiffs were solely tasked with showing, by a preponderance of the evidence, that they satisfied the certification requirements. *In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015). Defendants were then tasked with "produc[ing] sufficient evidence to rebut the [Plaintiffs'] showing." *Id.* Nevertheless, as discussed above, here, the Court was only left to consider the evidence

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 5

The Court's starting point is Federal Rule of Civil Procedure 23(a). That rule "requires that (1) there be numerosity, (2) there be common questions of law or fact, (3) the class representative's claims be typical of the class, and (4) the representative's representation of the class be adequate." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 18 (1st Cir. 2008) (citing FED. R. CIV. P. 23(a)). If all the Rule 23(a) prerequisites are satisfied, the Court must then consider the type of class that Plaintiffs wish to certify. Pertinent to that analysis is Federal Rule of Civil Procedure 23(b), for that rule lists the three types of class actions that may be certified. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997) (explaining that "[i]n addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show

---

and arguments advanced by the Plaintiffs, for when it came to the certification matter, the Defendants—with the exception of BPPR and SSLLC, who expressed that if the class were certified certification would solely be proper under Rule 23(b)(1) instead of Rule 23(b)(3)—remained tight lipped.

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 6

that the action is maintainable under Rule 23(b)(1), (2), or
(3).").

In this case, Plaintiffs posit that the class should be
certified under Rule 23(b)(1) or, in the alternative, under Rule
23(b)(3). Docket No. 221-1 at pg. 6-8, 25-33. Plaintiffs,
however, categorically state that "[i]f the Court agrees
certification is appropriate under either section of Rule
23(b)(1), it need not consider Rule 23(b)(3)." *Id.* at pg. 29.[5]
Lastly, the Court notes that "[i]n determining the propriety of
a class action, the question is not whether the plaintiff or
plaintiffs have stated a cause of action or will prevail on the
merits, but rather whether the requirements of Rule 23 are
met." *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 178 (1974)
(internal quotations and citations omitted).

---

[5] But because in this section of the Opinion and Order the Court is only
preoccupied with mapping out the legal framework that will guide its
analysis, the Court need not explore the dichotomy between certification
under Rule 23(b)(1) vis-à-vis Rule 23(b)(3) here.

With these precepts in mind, the Court begins its inquiry
by considering whether Plaintiffs satisfied all four Rule 23(a)
prerequisites.

### a. Rule 23(a)

### i. *Rule 23(a)(1) - Numerosity*

Rule 23(a)(1) states that the "numerosity" prong is
satisfied if "the class is so numerous that joinder of all
members is impracticable." FED. R. CIV. P. 23(a)(1). There is no
one magic number for courts to determine whether Rule
23(a)(1)'s standard is met. But the First Circuit has described
the bar to satisfy the "numerosity" requirement as being a low
one. *García-Rubiera v. Calderón,* 570 F.3d 443, 460 (1st Cir.
2009). The *García-Rubiera* court supported that proposition by
quoting the Third Circuit's decision in *Stewart v. Abraham,* 275
F.3d 220, 226-27 (3d Cir. 2001) which noted that "[n]o
minimum number of plaintiffs is required to maintain a class
action, but generally if the named plaintiff demonstrates that
the potential number of plaintiffs exceeds 40, the first prong
of Rule 23(a) has been met." *Id.* So while there is no magic

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE                                    Page 8
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

number, this Court reads *García-Rubiera* as suggesting that 40 individuals serves as a starting point for courts to consider when evaluating the "numerosity" requirement.[6]

Plaintiffs aver that the proposed class is comprised of approximately 217 Plan participants (the amount of Plan participants at the time the Plan was terminated). Docket No. 221-1 at pgs. 18-19. Plaintiffs therefore reason that they satisfy the numerosity requirement because the proposed class would encompass over 200 Plan participants. *Id.* Bearing in mind that the Defendants have not challenged this element and that a proposed class of over 200 individuals surpasses the generally accepted amount of 40 individuals used as a reference point when evaluating if Rule 23(a)(1) has been

---

[6] Other courts under the First Circuit's umbrella have cited favorably to the proposition that a proposed class made up of at least 40 plaintiffs may satisfy the numerosity requirement. *See, e.g., Fleming v. Select Portfolio Servicing*, 342 F.R.D. 361, 365 (D. Mass. 2022); *Sheet Metal Workers Local No. 20 Welfare and Benefit Fund v. CVS Pharmacy, Inc.*, 540 F. Supp. 3d 182, 198 (D.R.I. 2021); and *Van Meter v. Harvey*, 272 F.R.D. 274, 280-81 (D. Me. 2011).

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 9

satisfied, the Court finds that the numerosity requirement is met here.

### ii. *Rule 23(a)(2) - Commonality*

To satisfy Rule 23(a)(2)'s commonality requirement, Plaintiffs must show that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "[F]or purposes of Rule 23(a)(2) even a single [common] question will do[.]" *Wal-Mart Stores, Inc.*, 564 U.S. at 359 (internal quotations and citations omitted). And "[a] question is common if it is 'capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Parent/Pro. Advoc. League v. City of Springfield, Mass.*, 934 F.3d 13, 28 (1st Cir. 2019) (quoting *Wal-Mart Stores, Inc.*, 564 U.S. at 350). That said, in *Wal-Mart*, the Supreme Court emphasized that "what matters to class certification . . . is not the raising of common 'questions' . . . but rather, the capacity of a class-wide proceeding to generate common *answers* apt to

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 10

drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (internal quotations and citations omitted).

The crux of Plaintiffs' suit concerns the Defendants' actions while managing the Plan. Specifically, the suit advances a series of claims pertaining to the Defendants' (specifically, CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC) purported fiduciary breaches, in contravention to ERISA's postulates. To that end, Plaintiffs argue that their claims raise several "common questions" regarding the Defendants' conduct—in contravention to ERISA's fiduciary requirements—since they purportedly failed to adequately administer "the Plan, fail[ed] to cause it to be adequately funded, mismanage[d] its investments, and fail[ed] to ensure [the Plan] was covered by the PBGC[.]" *Id.* at pgs. 19-21. They add that "[t]here is nothing individualized about the facts relating to Defendants' actions." Docket No. 221-1 at pg. 21. Defendants have not challenged any of these arguments.

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 11

A review of the "common questions" presented by Plaintiffs confirms that they drive at the Defendants' conduct with respect to the Plan as a whole. The answer to those questions will allow the Court to ascertain the validity of the Plaintiffs and the proposed class members' claims. As such, the Court finds that the commonality requirement has been satisfied since there are common questions of law and fact at play here.

### iii.   *Rule 23(a)(3) - Typicality*

The third Rule 23(a) requirement, typicality, calls upon Plaintiffs to show that their claims or defenses "are typical of the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3). And "[w]hile factual differences between the claims do not alone preclude certification, the representative's claim must arise from the same event, practice or conduct, and be based on the same legal theory as those of other class members." *Collazo v. Calderón,* 212 F.R.D. 437, 442-43 (D.P.R. 2002). Here, as Plaintiffs point out, their claims hinge on the impact that the Defendants' conduct (regarding the underfunding and

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 12

subsequent termination of the Plan) had on the Plan as a whole. Docket No. 221-1 at pgs. 22-23. To that end, the relief sought is for the Plan as a whole. *Id.* at pg. 23. Moreover, Plaintiffs' claims rest on the same factual and legal basis as those of the proposed class since the injury they allege, is also representative of the proposed class's injury and no unique defenses to Plaintiffs or the proposed class members have been identified. Thus, the Court finds that the typicality requirement is satisfied.

### iv. *Rule 23(a)(4) - Adequacy of Class Representatives*

Rule 23(a)'s final prerequisite is concerned with the representation of the class, specifically, with whether "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The First Circuit has devised a two-part test to determine if this final requirement is met. First, Plaintiffs must show that their interests "will not conflict with the interests of any of the class members[.]" *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130

(1st Cir. 1985). This aligns with Rule 23(a)(4)'s purpose "to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc.*, 521 U.S. at 625. Given that "[s]uch conflicts undermine the indispensable 'structural assurance of fair and adequate representation for the diverse groups and individuals affected' by the class-action litigation[.]" *Cohen v. Brown Univ.*, 16 F.4th 935, 945 (1st Cir. 2021) (quoting *Amchem Prods., Inc.*, 521 U.S. at 625)). Second, Plaintiffs must show that the counsel they have chosen to represent the class "is qualified, experienced, and able to vigorously conduct the proposed litigation." *Andrews*, 780 F.2d at 130.

Here, no evidence has been marshaled to show that the named Plaintiffs' interests contravene the interests of the proposed class members. And upon a review of the record, the Court has not identified any red flags regarding this matter. Further, Plaintiffs' declarations under penalty of perjury represent that they have been actively participating throughout all aspects of the litigation thus far and they are

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 14

willing to serve as liaisons between the proposed class members and the proposed class counsel to ensure that the case is adequately litigated, and the interests of the class are protected. Docket No. 221-4 – 221-7. Accordingly, the Court finds that the first prong of the two-part test articulated in *Andrews* is satisfied here.

As far as the second prong of the test is concerned, the Court turns to the declarations under penalty of perjury of Attorney Jason W. Burge ("Attorney Burge") and Attorney Harold Vicente Colón ("Attorney Vicente-Colón"). *See* Docket No. 221-2 – 222-3. Attorney Burge, a partner at the Law Firm of Fishman Haygood, L.L.P. ("Fishman Haygood"), affirms that he, "on behalf of Fishman Haygood" is prepared to partake in all aspects of this litigation and is willing to take this case to trial if need be. Docket No. 221-2 at ¶ 7. Similarly, Attorney Vicente-Colón, a partner at the Law Firm of Vicente & Cuebas ("Vicente & Cuebas"), states that he "on behalf of Vicente & Cuebas," is also committed to seeing this case through. Docket No. 221-3 at ¶ 7. The declarations also make

clear that the attorneys and the firms they work for will act in the best interest of the proposed class. Docket No. 221-2 at ¶ 7 and 221-3 at ¶ 7. Accordingly, the Court deems satisfied the second prong of the two-part test advanced in *Andrews* and determines that Rule 23(a)'s final prerequisite has been met.

The Court next turns to whether the proposed class may be certified under Rule 23(b)(1) or, alternatively, under Rule 23(b)(3).

### b. Rule 23(b)

Plaintiffs move the Court to certify the class pursuant to either Rule 23(b)(1) or in the alternative, Rule 23(b)(3). Docket No. 221-1 at pgs. 25-34. Rule 23(b)(1) may apply under two scenarios. The first scenario, outlined in Rule 23(b)(1)(A), applies where "prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class." FED. R. CIV. P. 23(b)(1)(A). The second scenario, outlined in Rule

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 16

23(b)(1)(B), applies when maintaining separate actions "would create a risk of . . . adjudications with respect to individual class members that, as a practical matter, would be dipositive of the interests of the other members not parties to the individual adjudications or would substantially impar or impede their ability to protect their interests." FED. R. CIV. P. 23(b)(1)(B). In sum, "Rule 23(b)(1)(A) considers possible prejudice to the defendants, while [Rule] 23 (b)(1)(B) looks to possible prejudice to the putative class members." *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004) (internal citations and quotations omitted).

In the Second Amended Complaint ("SAC"), Plaintiffs advance ERISA breach of fiduciary duty claims against CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR and SSLLC. Plaintiffs have remained steadfast that the relief they seek for those fiduciary breaches, even if monetary, will go to the Plan as a whole. *See, e.g.*, Docket No. 41 at ¶¶ 83, 100, 109, 123, 129, 142, and 156. And that makes sense since Plaintiffs have noted that their ERISA fiduciary breach claims

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 17

are advanced pursuant to 29 U.S.C. § 1132(a)(2) ("Section 1132(a)(2)"). *See* Docket No. 221-1 at pg. 22. Section 1132(a)(2) cross references 29 U.S.C. § 1109 ("Section 1109"), which in turn imposes a duty on the fiduciaries that incurred in the alleged breaches to, *inter alia*, "make good to such plan any losses to the plan resulting from each such breach[.]" 29 U.S.C. § 1109(a); *see also Evans v. Akers*, 534 F.3d 65, 70 n. 4 (1st Cir. 2008) (noting that [s]uits brought pursuant to [Section 1132(a)(2)] are derivative in nature; those who bring suit do so on behalf of the plan and the plan takes legal title to any recovery.").

"In light of the derivative nature of ERISA [Section 1132(a)(2)] claims, breach of fiduciary duty claims brought under [Section 1132(a)(2)] are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class, as numerous courts have held." *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (collecting cases). Here, the Court finds that certification under both Rule 23(b)(1)(A) and Rule 23(b)(1)(B) is appropriate. It is proper

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 18

under the former since "Rule (b)(1)(A) takes in cases where
the party is obliged by law to treat the members of the class
alike[.]" *Amchem Prods., Inc.*, 521 U.S. at 614. In the SAC,
Plaintiffs claimed that Defendants CSM, Ms. Gómez Arias,
Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR and SSLLC
violated their fiduciary duties, that is, their legal obligations
with respect to the Plan. If independent actions were allowed,
there is a risk of differing adjudications regarding the conduct
of Defendants CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms.
Rincón, Ms. Alsina, BPPR and SSLLC and if they did or did
not breach their fiduciary duties with respect to the Plan.

Moreover, certification is also proper under Rule
23(b)(1)(B). The reason being that "[ERISA] creates a 'shared'
set of rights among the [P]lan participants by imposing duties
on the fiduciaries relative to the [P]lan, and it even structures
relief in terms of the [P]lan and its accounts, rather than
directly for the individual participants." *Douglin v. GreatBanc
Trust Co., Inc.*, 115 F.Supp.3d 404, 412 (S.D.N.Y. 2015).
Plaintiffs' ERISA fiduciary breach claims against Defendants

CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC will require the Court to evaluate the conduct of those defendants regarding the Plan as a whole. And any determination regarding such conduct will therefore apply to actions filed by the proposed class concerning ERISA fiduciary breach claims against those Defendants. *See, e.g., Hochstadt v. Boston Scientific Corp.*, 708 F. Supp. 2d 95, 105-06 (D. Mass. 2010) (certifying class pursuant to Rule 23(b)(1)(B) after finding that the case "involve[d] an ERISA [Section 1132(a)(2)] claim brough on behalf of the Plan and alleging breaches of fiduciary duty on the part of Defendants that will, if true, be the same with respect to every class member[.]"). Accordingly, because the Court finds that certification is proper under both subsections of Rule 23(b)(1), as to the ERISA breach of fiduciary claims advanced against Defendants CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC, the Court need not consider if certification would have also been proper under Rule 23(b)(3).

But there remains a wrinkle. The Court has only certified the class as to Plaintiffs' ERISA breach of fiduciary claims against Defendants CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC. But Plaintiffs have also advanced a Puerto Rico law claim against Troncoso and Willis for actuarial malpractice. And when discussing the typicality and commonality requirements, Plaintiffs stated that one of the "common questions" pertained to "whether Troncoso and/or [Willis] are liable for negligence in the performance of actuarial services for the Plan, by grossly underestimating the Plan's funding." Docket No. 221-1 at pg. 21. That assertion would hint at their intention to seek class certification as to the claim against the actuarial firms. But when addressing Rule 23(b), Plaintiffs arguments were limited to certifying a class regarding ERISA fiduciary breaches. And per the SAC, the ERISA fiduciary breach claims were only asserted against Defendants CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC, not against the actuarial firms.

So while the Plaintiffs have briefed the Court as to the type of class that they seek certification for, as far as the ERISA fiduciary breach claims are concerned, they have not done the same when it comes to the claim for actuarial malpractice that they have asserted against Troncoso and Willis. In their Motion to Certify, Plaintiffs cited to *Stanford v. Foamex L.P.,* 263 F.R.D. 156, 164-65, to highlight that certification was proper even when a court was faced with "six distinct counts, because "all counts focused on defendants' actions with respect to each other and the fund." Docket No. 222-1 at pg. 27. But *Stanford,* can be distinguished here because in that case, the plaintiff's claims, even if distinct, were all ERISA claims and the same were advanced under Section 1132(a)(2)'s umbrella, which allowed those plaintiffs to advance their claims on behalf of the plan. *See Stanford,* 263 F.R.D. at 164-65.

In the Court's Omnibus Opinion and Order, the Court alerted the parties (specifically Plaintiffs and Defendants Troncoso and Willis), that it remained unclear whether

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 22

Plaintiffs could "advance a state negligence claim against the actuarial firms on behalf of the Plan." Docket No. 158 at pg. 47 n. 20. To date, neither Plaintiffs nor the actuarial firms have briefed the Court on this matter. Therefore, the Court will defer on ruling as to whether class certification is proper as to Plaintiffs' claim against Troncoso and Willis, in view of the lack of briefing regarding the propriety of class treatment when it comes to Plaintiffs' actuarial malpractice claim against Troncoso and Willis, coupled with the lack of briefing addressing whether Plaintiffs can advance such claim on behalf of the Plan. Accordingly, on or before **May 1, 2023,** Plaintiffs shall submit a concise supplemental brief (not longer than seven (7) pages) on the issue of class certification of their Puerto Rico malpractice claim against the actuarial firms. Defendants may file responses, if they deem so necessary on or before **May 15, 2023.**

### c. Appointment of Class Counsel

The Court's analysis regarding the appointment of class counsel is guided by Federal Rule of Civil Procedure 23(g).

That rule "requires district courts to appoint class counsel and governs how courts should choose counsel." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d 24, 41 (1st Cir. 2009) (citing FED. R. CIV. P. 23(g)(1)-(2)). To accomplish that mandate, the Court must consider, (1) "the work the counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action"' (3) "counsel's knowledge of the applicable law"' and (4) "the resources that counsel will commit to representing the class." FED. R. CIV. P. 23(g)(1)(A). It is worth noting that "[c]lass counsel are fiduciaries to the class." *In re Pharm. Indus. Average Wholesale Price Litig.*, 588 F.3d at 36 n. 12.

Plaintiffs posit that the "undersigned [attorneys] can be trusted to perform their responsibilities adequately in light of [their] experience, the record to date in this case, and related considerations." Docket No. 221- at pg. 33. In support of this assertion, they cite to the declarations of Attorney Burge and

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 24

Attorney Vicente-Colón. *Id.* at n. 45. According to Attorney Burge's declaration, Fishman Haygood is a boutique law firm that focuses on complex litigation. Docket No. 221-2 at ¶ 3. The attorneys at the firm have worked on a series of class actions, including "a class of ERISA-government retirement plans." *Id.* at ¶¶ 3-4. Further, Attorney Burge has been litigating complex cases for over fifteen years. *Id.* at ¶ 6. And the record shows that Attorney Rebekka C. Veith ("Attorney Veith"), also from the law firm of Fishman Haygood, has been counsel of record for Plaintiffs since the filing of the instant suit, *see* Docket Nos. 4 and 7, and has routinely filed timely motions for the Plaintiffs. For her part, Attorney Kaja S. Elmer ("Attorney Elmer") joined Plaintiffs' team on February 1, 2022. Docket Nos. 183 and 184. Since then, she has been actively involved in the litigation of this case.

For his part, Attorney Vicente-Colón states that he has been "practicing in the field of complex litigation for over 25 years." Docket No. 221-3 at ¶ 7. He adds that Vicente & Cuebas has experience handling "complex and difficult

VEGA-ORTIZ, ET AL., v. COOPERATIVA DE
SEGUROS MÚLTIPLES DE PUERTO RICO, ET
AL.

Page 25

commercial litigation," which includes class actions and derivative suits. *Id.* at 3. He goes on to list some of those cases. *Id.* Moreover, the record confirms that Attorney Vicente-Colón has been counsel of record for Plaintiffs since this case was filed. In view of these considerations, the Court determines that proposed counsel, to wit, Attorney Burge, Attorney Vicente-Colón, Attorney Veith and Attorney Elmer, and the law firms of Fishman Haygood and Vicente & Cuebas,[7] will be appointed Class Counsel.

---

[7] The Court read Plaintiffs' Motion to Certify to include a request for the law firms of Fishman Haygood and Vicente & Cuebas to serve as Class Counsel so that attorneys from those firms, in addition to the ones explicitly mentioned in this Opinion and Order, could also work on this matter. The Advisory Committee Note discussing the 2003 amendment to Rule 23(g) states that, generally, the proposed counsel will be an individual attorney, "[i]n other cases, however, an entire firm, or perhaps numerous attorneys who are not otherwise affiliated but are collaborating on the action will apply [to be proposed counsel for the class.]" FED. R. CIV. P. 23(g) advisory committee's note to 2003 amendment. The Note adds that "[n]o rule of thumb exists to determine when such arrangements are appropriate[]" but should the Court appoint an entire firm or numerous attorneys, it "should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure." *Id.*

### III. CONCLUSION

In light of the above, the Court GRANTS IN PART the Motion to Certify at Docket No. 221, for it GRANTS Plaintiffs' request for class certification, as defined on page 3[8] of this Opinion and Order and specifies that the class is certified as to the ERISA breach of fiduciary claims advanced against CSM, Ms. Gómez Arias, Mr. Vilaró Suárez, Ms. Rincón, Ms. Alsina, BPPR, and SSLLC. Further, the Court appoints Attorney Burge, Attorney Vicente-Colón, Attorney Veith and Attorney Elmer, and the law firms of Fishman Haygood and Vicente & Cuebas as Class Counsel.

---

[8] For ease of reference, the Court also includes the class definition here:

> All participants or beneficiaries of the Plan who suffered a reduction in accrued benefits under the Plan at the time the Plan was terminated. Excluded from the Class are any high-level executives at RLA and/or Cooperativa or any employees who had responsibility for or involvement in the administration of the Plan or who are subsequently determined to be fiduciaries of the Plan, including the Individual Defendants.

Lastly, Plaintiffs' supplemental brief is due on or **May 1, 2023.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of  March 2023.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE